K FILED ___ ENTERED
___ LOGGED ___ RECEIVED
AUG 16 2022
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : CRIMINAL NO. GLR-21-231 | |
| RAUL ZERMANO-MENA (a/k/a : (UNDER SEAL) | |
| Batman) : | |
| : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S APPEAL OF THE DENIAL OF DEFENAT'S PRE-TRIAL RELEASE AND REQUEST FOR A DE NOVO HEARING

The United States of America, by its undersigned attorney, hereby moves the Court to continue to detain Raul Zermano-Mena, hereafter the Defendant. In furtherance of this request, the government states as follows:

1. On December 9, 2021, the Defendant had his initial appearance and pled guilty before the Honorable George L. Russell III to conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. He was released to the custody of the Drug Enforcement Administration ("DEA") pursuant to conditions of release pending sentencing. He is scheduled to be sentenced January 20, 2023. The conditions of release included that he commit no federal, state or local crime and refrain from any alcohol.

2. In the early morning hours of June 3, 2022, there was an altercation in which there is probable cause to believe that the Defendant initiated a fight. Raul Gonzalvez-Herrera shot the Defendant with a firearm after a heated altercation. Both had consumed alcohol. There is also evidence that the Defendant had consumed cocaine. (A witness reported seeing him with white powder underneath his nose and reported that he appeared

1

visibly intoxicated from alcohol consumption as well.) The government filed a motion to revoke the Defendant's pretrial release. The Honorable A. David Copperthite issued an arrest warrant. The Defendant has remained in California receiving treatment for his injuries.

3. On July 1, 2022, the Defendant had a rule 5 initial appearance. The Honorable Karen L. Stevenson, U.S. Magistrate Judge for the Central District of California, ordered the Defendant be detained. The Defendant remained under supervision of the U.S. Marshals receiving medical treatment. According to the Marshals, the Defendant will be in Baltimore the week of August 22, 2022. He will be transported on a medical charter flight. The flight will have trained medical staff on board.

4. The Defendant drank alcohol in violation of the terms of his pretrial release. Also, there is probable cause to believe that he initiated the fight, in violation of California state law, which is also in violation of the terms of his pretrial release.

5. Section 3148 of Title 18, United States Code permits the government to initiate a proceeding for the revocation of pretrial release through the filing of a motion. Section 3148 further permits the court to issue an arrest warrant for the defendant on the basis of such a motion. The court may order the detention of the defendant if, after a hearing, the court finds that there is probable cause to believe that the person has committed a federal, state or local crime while on release, and that there is no condition or combination of conditions that reasonably will ensure the defendant will not flee or pose a danger to the community pending trial.

6. Because the Defendant has been found guilty of the offense and is awaiting sentencing, 18 U.S.C. § 3143 governs. This statute provides for a presumption of

detention. 18 USC 3143(a)(2) provides that:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A)
>
> (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

7. There is no condition or series of conditions that could reasonably assure the safety of the community and/or reasonably assure the appearance of the Defendant. There is no substantial likelihood that a motion for a new trial or acquittal will be granted. The government does not plan to recommend that no sentence of imprisonment be imposed. There is not clear and convincing evidence that the Defendant will not pose a danger to any other person or to the community. In fact, his actions during the above referenced incident indicate the exact opposite – he does pose a danger. Furthermore, there is not clear and convincing evidence to assure that he will appear.

7. The government has reviewed the Defense's proposal that the Defendant's wife, Karina Mena, serve as his third party custodian. The Defendant was living with her when he violated the terms of his release. Even the strictest supervision by his wife would not guarantee the safety of the community or that the Defendant would appear in federal court in Maryland.

8. The Marshals will continue to monitor his medical treatment while he is in

custody in Maryland.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: *Joan C. Mathias*
  _____
Joan C. Mathias
Assistant United States Attorney
36 South Charles Street,
Fourth FloorBaltimore,
Maryland 21201